# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOHN LOUIS TURNER, JR.,**

    **Plaintiff,**

    v.

**Civil Action 2:18-cv-1322**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**STATE OF OHIO,** *et al.,*

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, John Louis Turner, Jr., a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against the State of Ohio, the Ohio Department of Corrections and Rehabilitation ("ODRC"), and 100 John and Jane Does, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, as well as advancing a number of state-law claims. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statements reveal that he currently possesses thirty-nine cents in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number A673787) at Pickaway Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

**I.**

According to the Complaint, on November 30, 2017, while he was incarcerated at Belmont Correctional Institution ("BCI"), Plaintiff told a corrections officer that he was feeling light headed. That corrections officer called the infirmary, and an individual in the infirmary advised Plaintiff to report for a checkup. Upon Plaintiff's arrival, a nurse took his blood pressure and noted that it was significantly elevated. Plaintiff returned to his dorm and the next day again reported to a corrections officer that he was not feeling well. The nurses visited Plaintiff, took his blood pressure, and escorted him to the infirmary upon finding that his blood pressure was still significantly elevated. A nurse informed Plaintiff that at some point he had been placed on chronic care but that this designation had been removed. Plaintiff underwent an electrocardiogram, the results of which prompted the nurses to call for an ambulance. Plaintiff was escorted by ambulance to The Ohio State University Medical Center ("OSUMC"). It is unclear whether Plaintiff underwent surgery, but OSUMC testing results revealed that he had suffered a stroke. Following discharge from OSUMC, Plaintiff was taken to Franklin Medical Center ("FMC") to recover, where he spent more than three months engaged in therapy to address the damage his stroke caused to his left arm and leg. Plaintiff alleges that as a result of the stroke, he has suffered permanent disability, he now requires a cane or wheelchair for mobility, and he will experience constant pain and discomfort on his left side.

Plaintiff maintains that all of the damage he suffered could have been avoided had his medical providers not taken so long to respond or had his chronic care designation not been

removed. Notwithstanding how he labels his claims, it is clear that Plaintiff intends to assert an Eighth Amendment claim on the grounds that Defendants were deliberately indifferent to his serious medical needs. In support of this claim, Plaintiff makes the following conclusory allegations:

> Medical took so long to respond to plaintiff['s] stroke that he lost his usages in his left arm based on deliberate indifference of the Belmont nursing staff, lack of interest or concern . . . .
>
> \* \* \*
>
> The acts and omissions directed towards plaintiff as alleged herein where committed by the individual nonhealthcare provider defendants, and each of them, maliciously and oppressively with wrongful and/or discriminatory intent to injure, degrade, and humiliate plaintiff. This conduct by said defendants, and each of them, stemmed from an improper motive, which constituted malice, oppression, and a conscious disregard for the rights and safety of the plaintiff. This conduct was outrageous and despicable.
>
> \* \* \*
>
> The acts and omissions of the individual defendants, and each of them, as alleged above, constitute deliberate indifference to the plaintiff's serious medical need in violation of the Eighth and Fourteenth Amendment to the United States Constitution.

(Pl.'s Compl. 6-7, 9, ECF No. 1-1.) Plaintiff also advances state-law claims for medical malpractice, negligence, and intentional infliction of emotional distress. Because he does not know the names of the individuals who provided medical treatment or who removed his chronic care designation, Plaintiff has named 100 John and Jane Does as Defendants.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

4

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.

Because Plaintiff has failed to sufficiently allege that Defendants acted with deliberate indifference towards his serious medical needs, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Eighth Amendment medical indifference claims pursuant to § 1915(e)(2).

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010)

(internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id*. Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011); *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." (citations omitted)).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

*Alspaugh*, 643 F.3d at 169. "[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional

7

violation." *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (quotation marks and citation omitted).

Applied here, nothing in Plaintiff's Complaint reveals that the individuals who treated him were aware of facts from which they could infer that Plaintiff faced a substantial risk of serious harm and that they consciously disregarded that risk. On both days Plaintiff complained that he was not feeling well, he was seen at the infirmary and underwent testing, including blood pressure testing and an echocardiogram. The testing results on the second day prompted the individuals treating Plaintiff to call for an ambulance, and he was subsequently taken to OSUMC for emergency treatment and then to FMC to recover. In view of the medical treatment that Plaintiff acknowledges he received, the undersigned cannot conclude that his treatment was so "woefully inadequate as to amount to no treatment at all," *Alspaugh*, 643 F.3d at 169 (quoting *Westlake*, 537 F.2d at 860 n.5). Nor can the Undersigned conclude that Defendants were aware of a risk to Plaintiff's health that they consciously disregarded. Certainly, it is possible that the individuals responsible for treating Plaintiff were negligent, but as set forth above, "incompetence . . . does not rise to the level of a constitutional violation." *Santiago*, 734 F.3d at 591.

Plaintiff's disagreement about whether his chronic care designation was properly removed also fails to state a claim for medical indifference. Plaintiff's Complaint contains no allegations upon which the Court could rely to conclude that the individuals who were responsible for deciding whether Plaintiff required a chronic care designation knew that without such a designation, Plaintiff was at a substantial risk of serious harm. Indeed, Plaintiff has not alleged any facts upon which the Court could rely to even conclude that such a designation would have prevented the stroke Plaintiff suffered. Under these circumstances, Plaintiff's

disagreement about his designation, which he advanced *after* suffering a stroke, fails to state a claim for medical indifference. *Cf. Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim.").

Finally, it is **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state-law claims and that the Court **DISMISS** any such claim without prejudice to Plaintiff asserting such a claim in state court. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." (internal quotations marks and citation omitted)).

## IV.

For the reasons set forth above, Plaintiff's motion for leave to leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim pursuant to pursuant to § 1915(e)(2) and that Plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE